Liboria Esteban-Zamorano and Cesario García-Nieto, the latter in the name of and as father with *patria potestas* over his infant children Felipe, Julián, Laureana, Angela and María Agustina García y Esteban, Plaintiffs and Appellees, *v.* Manuel Talavera, Defendant and Appellant.

No. 3370. Argued February 13, 1925.—Decided August 1, 1925.

1. Lease—Pleading.—In a complaint to recover the rent of a house wherein the description of the property shows that The People of Porto Rico is the owner of the lot it is not necessary to allege that the plaintiffs were entitled to occupy, lease and collect the rents of the house. All that is necessary is a sufficient allegation that the defendant rented from the plaintiffs who were the owners of the house.

2. Id.—Landlord's Title.—A person who has possession or ownership of a certain lot may rent it to another and collect the rent and the tenant may not ordinarily deny his landlord's title.

3. Id.—Presumption of Payment.—The plaintiffs having claimed the rent for thirteen months prior to a certain month, but without including that month, it was sought to deduce from that omission the payment of the rent for the omitted month and the presumption of payment of the rent claimed by reason of the payment of the last instalment was invoked. *Held:* That the presumption of paragraph 10 of section 102 of the Law of Evidence presupposes a receipt which has no existence in this case and that the failure to claim for a particular month as due raises no presumption whatever.

4. Id.—Waiver.—A person may waive a part of his claim.

5. Id.—Landlord's Title—Estoppel.—In this suit to recover the rent of a house built on land of The People of Porto Rico the lessee denied the title of the lessor under Act No. 53 of 1921. *Held:* That the lessor took possession of the land before that law was enacted and the lessee being estopped to deny his landlord's title, his estoppel would include, if necessary, the presumption that he was occupying the land with the permission of The People of Porto Rico, especially when the evidence tends to show that the lessor was paying taxes.

6. ID.—EVIDENCE.—In a suit to recover the rent of a house, although the lessee
denies that he had made a contract of lease with complainants, said lessee
can not introduce evidence tending to deny the title of the complainants to
the house.

First District Court of San Juan, Charles E. Foote, J. Judgment
for the plaintiff in an action to recover rent. *Affirmed.*

L. E. *Dubón* and O. M. *Wood* for the appellant. *Adrián Agosto* for
the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

[1, 2] The defendant, being sued for the rent of a certain house, sets up error against complainants' judgment in that the complaint did not state a cause of action. The description of the property shows that The People of Porto Rico is the owner of the lot. Nevertheless, a person who has the possession, real ownership, of a certain lot, may rent it to another and recover for the rental. We are very familiar in Porto Rico with the ownership of houses on the soil of another. If the lack of a paramount title was sufficient to defeat a claim of rent, usufructuaries could not recover, nor tenants from their subtenants. There was a sufficient allegation in the complaint that the defendant rented from the complainants, the owners of the house, and this was all that was necessary. A tenant may not ordinarily deny his landlord's title, and this case presents no exception.

[3] A further ground for the exception of no cause of action is most astonishing. The complaint recites that the defendant was in possession of the house in October, 1922. The complainants, probably by mistake, claimed the rental for the thirteen months prior to September, 1922, but did not include that month. From this omission the appellant would have us deduce the payment of the rent for said month of September, and hence invokes the presumption that previous rentals were paid by reason of the payment of the last instalment. The presumption of paragraph 10 of section 102 of the Law of Evidence presupposes a receipt

which has no existence in this case. More particularly, however, as the facts of a complaint when attacked are admitted, the presumption of payment would be rebutted by the plain statement that the rentals for the previous months were due and unpaid. The failure to claim for a particular month as due raises no presumption whatever.

[4] As to the thought that a complainant may not divide his claims, one answer is that a person may abandon a part of the claim. Furthermore, *non constat* that defendant may have paid the month of September and that the complainants were suing for the back rent.

[5] Throughout this assignment of error and in some of the other assignments of error the appellant insists that the complainants' possession is illegal. Not only is this illegality supposed to spring from lack of title in the complainants, but also that such possession is illegal because there is an act of the Legislature which prohibits any one from taking possession of the land of The People of Porto Rico without permission. It is a sufficient answer to this contention that the complainants occupied the land before the law was passed. The defendant would be estopped to deny the title of his landlord and this estoppel would include, if necessary, the presumption that the complainants were occupying with the permission of The People of Porto Rico. The evidence tended to show that the complainants were paying taxes to The People of Porto Rico. The complainants at one time sought to establish a claim not only to the house, but also to the lot of land upon which it was built. While the claim to the land was definitely set at rest by our opinion in the case of *People* v. *Zamorano,* 28 P.R. R. 275, the lessee is not the proper person to attack the claim of the complainants.

The second assignment of error relates to the sufficiency of the evidence to show that there was the rental to the defendant. There was sufficient testimony to show such rental.

[6] The third assignment of error relates to the refusal

of the court to permit certain testimony presented which would impugn the title of the land. At one time during the trial the defendant maintained that he had a right to attack the title of the complainants because he denied that he had made a contract with the said complainants. The court very properly answered that if there was no contract of rental the defendant was in no way responsible, but that he could not deny the title.

The fourth assignment of error has been sufficiently covered by our general discussion and need not be specially mentioned.

The judgment appealed from must be affirmed.